# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JORGE MANUEL JIMENEZ-MERCADO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3489-CV-S-GAF-H |
| ROBERT MCFADDEN, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER AND JUDGMENT

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the petition herein for a writ of habeas corpus was referred to the United States Magistrate for preliminary review under the provisions of 28 U.S.C. § 636(b).

The United States Magistrate has completed his preliminary review of the petition herein for a writ of habeas corpus and has submitted to the undersigned a report and recommendation that the petition for a writ of habeas corpus be dismissed without prejudice.

Petitioner has filed exceptions to the report and recommendation of the Magistrate in which he continues to challenge the Bureau of Prison's ["BOP's"] calculation of his good conduct time credit. Petitioner contends that the Court should not grant the BOP's interpretation of 18 U.S.C. § 3624(b) deferential review. He asserts that the Court should follow the reasoning of White v. Scibana, 314 F. Supp.2d 834 (W.D.Wis. 2004) (White I), and that given the extreme liberty interests at stake, the matter should not be resolved exclusively by applying deference to the BOP's interpretation of the statute.

Having fully reviewed the record de novo, the Court agrees with the Magistrate that petitioner's

claim is without merit. Not only did the Seventh Circuit Court of Appeals reverse White I, White v. Scibana, 390 F.3d 997 ( 2004) (White II), but the circuit courts in the Ninth, Third, and Fourth Circuits have agreed that the BOP's interpretation of § 3624 is reasonable and entitled to deference. The Eighth Circuit has indicated, in unpublished opinions, its inclination to reach the same conclusion. James v. Outlaw, 126 Fed. Appx. 758, 759, 2005 WL 677769 (8th Cir. 2005); United States v. Wittman, 139 Fed. Appx. 759, 760, 2005 WL 1663134 (8th Cir. 2005).[1]

In White II, the Seventh Circuit fully addressed the issue of whether the BOP's interpretation of the statute was entitled to full deference, and found that it was. The Court observed that full deference is limited to cases where Congress has delegated the agency authority to make rules having the force of law, and where the interpretation at issue was promulgated in the exercise of that authority. 390 F.3d at 1000. The Court found that the full-deference standard came into play because the BOP's interpretation of § 3624 is included in 28 C.F.R. § 523.20, which was adopted pursuant to notice-and-comment rulemaking. "The Bureau's discretion to resolve ambiguities in the good-time statute is implicit in its statutory authority to determine and award good time and release prisoners when their sentences, as adjusted by the Bureau for good-time credit, have expired." Id. at 1001. "We defer to the Bureau's reasonable interpretation of the statute, which awards the credit for each year served in prison rather than each year of the sentence imposed." 390 F.3d at 1003. It is therefore the finding of this Court that the weight of authority supports the conclusion that the BOP's interpretation is entitled to full deference in this case.

Accordingly, based on the file and records in this case, it is concluded that the findings of fact, conclusions of law, and proposed actions of the Magistrate are correct and should be approved. It is

---

[1] An unpublished opinion of this court may be cited if the opinion has persuasive value on a material issue and no published opinion of this or another court would serve as well. 8th Cir. Rule 28A.

therefore

ORDERED that petitioner's exceptions filed herein be, and they are hereby, CONSIDERED and OVERRULED. It is further

ORDERED that petitioner be, and he is hereby, denied leave to proceed in forma pauperis. It is further

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

        /s/ Gary A. Fenner
        GARY A. FENNER, JUDGE
        United States District Court

DATED: November 18, 2005